UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>    Plaintiff,<br><br>    v.<br><br>H. LIN, et al.,<br><br>    Defendants. | No. 2:19-cv-2437 CKD P<br><br><br>ORDER |

Plaintiff is a California prisoner proceeding pro se with claims arising under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff has filed a motion seeking leave to file an amended complaint and a proposed amended complaint. Good cause appearing, the motion for leave to amend will be granted and the court will screen plaintiff's amended complaint.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's amended complaint identifies 46 defendants and spans numerous events occurring over approximately one year. Many of the allegations are vague and confusing. With respect to some of the defendants, plaintiff fails to make any allegations suggesting personal participation in any of the deprivations alleged. Liability in a 42 U.S.C. §1983 case "arises only upon a showing of personal participation by the defendant." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

As plaintiff's complaint is not "short and plain," it must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, the amended complaint must comply with Rule 8 of the Federal Rules of Civil Procedure. To that end, the allegations must be clear and concise. Unnecessary background information should be omitted. Further, plaintiff is advised of the following:

1. Plaintiff may bring as many claims as he likes against a particular defendant in his amended complaint. Fed. R. Civ. P. 18(a). But claims brought against other defendants must arise "out of the same transaction, occurrence, or series of transactions or occurrences" as a claim against the first defendant. Fed R. Civ. P. 20(a)(2). Vague allegations concerning conspiracy do not satisfy court rules regarding joinder of claims.

2. In order to state a claim upon which relief can be granted in his amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights, see Ellis v. Cassidy, 625 F.2d 227 (9th

Cir. 1980), alleging in specific terms how each named defendant is involved. Also, in order to avoid dismissal for failure to state a claim must have facial plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

3. The Eighth Amendment's prohibition of cruel and unusual punishment protects prisoners from force used maliciously and sadistically for the purpose of causing harm. Hudson v. McMillian, 503 U.S. 1, 6 (1992).

4. A plaintiff cannot proceed on a §1983 claim for damages if the claim implies the invalidity of his conviction or sentence. Heck v. Humphrey, 512 U.S. 477, 487 (1994).

5. Under 42 U.S.C. § 1997e(a) "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

6. Prison officials generally cannot retaliate against inmates for exercising First Amendment rights. Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985). Because a prisoner's First Amendment rights are necessarily curtailed, however, a successful retaliation claim requires a finding that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Id. at 532. The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

7. Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of a prisoner's Eighth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A prison official is liable under the Eighth Amendment when injury results from at least deliberate indifference to a prisoner's serious medical needs. Id.

8. In order to state a cognizable claim for violation of due process a plaintiff must allege facts which suggest that he was deprived of a protected liberty interest. With respect to prisoners, liberty interests are "generally limited to freedom from restraint which,

while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, [citations omitted], nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 484 (1995).

9. The Equal Protection Clause generally protects against unequal treatment as a result of intentional or purposeful discrimination. Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997).

10. Finally, the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the other complaints no longer serve any function in the case. Therefore, in his second amended complaint each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 5) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's motion for leave to amend (ECF No. 6) is granted.

3. Plaintiff's complaint (ECF No. 1) and amended complaint (ECF No. 7) are dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of this order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended

/////

/////

4

Complaint." Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: March 27, 2020

*[signature: Carolyn K. Delaney]*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/puck2437.14