XAVIER BECERRA, State Bar No. 118517
Attorney General of California
MARISA KIRSCHENBAUER, State Bar No. 226729
Supervising Deputy Attorney General
VIRGINIA I. PAPAN, State Bar No. 143659
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 510-3607
 Fax: (415) 703-5843
 E-mail: Gina.Papan@doj.ca.gov
*Attorneys for Defendants: C. Pierce, C. Reif,
S. Bartlett, G. Hampton, M. Keseloff, A. Hicks,
B. Tillo, D. Dillon, B. Smith, and C. Walker*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **DURRELL PUCKETT,**<br><br>                    Plaintiff,<br><br>     v.<br><br>**LIN, et al.,**<br><br>                    Defendants. | 2:19-cv-02437 TLN CKD<br><br>**DEFENDANTS PIERCE, REIF, BARTLETT, HAMPTON, KESELOFF, A. HICKS, TILLO, DILLON, SMITH, AND WALKER'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Judge:         The Hon. Troy L. Nunley<br>Trial Date:    Not Set<br>Action Filed:  December 4, 2019 |

Defendants C. Pierce, C. Reif, S. Bartlett, G. Hampton, M. Keseloff, A. Hicks, B. Tillo, D. Dillon, B. Smith, and C. Walker, answer Plaintiff's second amended complaint as follows. Except as expressly admitted, all allegations are denied.

1. In response to the second amended complaint at page one,[1] paragraphs one through two, Defendants are without sufficient information and knowledge as to whether jurisdiction and venue are proper and on that basis deny these allegations. Defendants deny that they violated Plaintiff's constitutional rights or any other rights. Defendant deny that their actions or inactions gave rise to any cause of action for Plaintiff. To the extent there are any other allegations within

---

[1] Reference is to the ECF pagination.

1

these paragraphs, Defendants are without sufficient information and knowledge as to those allegations and on that basis deny them.

2. In response to the second amended complaint at pages two through three, section B. entitled Defendants, paragraphs one through twenty-two, Defendants admit that the Court's service order identified Correctional Officer C. Pierce, Correctional Officer C. Reif, Correctional Officer S. Bartlett, Correctional Lieutenant G. Hampton, Correctional Officer M. Keseloff, Correctional Officer A. Hicks, Correctional Officer B. Tillo, Correctional Officer D. Dillon, Correctional Officer B. Smith, and Correctional Sergeant C. Walker as Defendants in this case and Defendants are or were employed at the California State Prison, Sacramento.[2] Defendants respond that all claims and Defendants not specifically identified in the Court's service order have been dismissed from this action. Thus, Defendants are without sufficient information and knowledge as to those individuals and allegations related to them and on that basis deny them.

3. In response to the second amended complaint at page two, section C. entitled Previous Lawsuit, paragraphs one through two, and subsections (a), (b) and (c) Defendants admit that Plaintiff has filed other lawsuits. Defendants are without sufficient information and knowledge as to how many lawsuits Plaintiff previously filed and on that basis deny paragraph two and the remaining allegations within paragraph two.

4. In response to the second amended complaint at page 4, entitled D. Cause of Action, Claim I, paragraphs 1 through 2, Defendants deny that they violated Plaintiff's Eighth Amendment rights or any other rights. Defendants deny that their actions or inactions gave rise to an excessive force claim or to any cause of action for Plaintiff. To the extent there are any other allegations within this page and paragraphs, Defendants are without sufficient information and knowledge as to those allegations and on that basis deny them.

5. In response to the second amended complaint at page 4, entitled D. Cause of Action, Claim I, paragraph three, Supporting Facts, Defendants Pierce, Dillion, Reif, Bartlett, Keseloff, and Hampton deny that their actions or inactions on January 19, 2017 gave rise to an excessive

---

[2] Defendant Sgt. Henderson has not identified or served. This Defendant is therefore not represented at this time by the Attorney General's Office

force claim or to any cause of action for Plaintiff. To the extent there are any other allegations within this page and paragraph, Defendants are without sufficient information and knowledge as to those allegations and on that basis deny them. Additionally, Defendants respond that this paragraph has allegations that pertain to individuals, "John Doe 1-2-3" and allegations that have been dismissed from this action. Thus, Defendants are without sufficient information and knowledge as to those allegations and on that basis deny them.

6. In response to the second amended complaint at page 4, entitled D. Cause of Action, Claim I, paragraph four, Injury, Defendants deny that their actions or inactions caused any injury to Plaintiff or gave rise to any cause of action for Plaintiff. Defendants deny that they violated Plaintiff's constitutional rights or any other rights. Defendants deny that their actions or inactions gave rise to any injury to, or cause of action for, Plaintiff. Defendants are without sufficient information and knowledge as to the remaining allegations and on that basis deny them.

7. In response to the second amended complaint at page 4, entitled D. Cause of Action, Claim I, paragraph five Administrative Remedies, subsections (a) through (d), Defendants admit there are administrative remedies available at California State Prison, Sacramento. Defendants are without sufficient information and knowledge as to the remaining allegations and on that basis deny them.

8. In response to the second amended complaint at page 5, Claim II, paragraphs 1 through 2, Defendants deny that they violated Plaintiff's Eighth or First Amendment rights or any other rights. Defendant deny that their actions or inactions gave rise to a retaliation claim or to any cause of action for Plaintiff. To the extent there are any other allegations within this page and paragraphs, Defendants are without sufficient information and knowledge as to those allegations and on that basis deny them.

9. In response to the second amended complaint at page 5, Claim II, paragraph three, Supporting Facts, Defendants Pierce and Smith deny that their actions or inactions on January 19, and March 25, 2017 gave rise to a retaliation claim or to any cause of action for Plaintiff. To the extent there are any other allegations within this page and paragraph, Defendants are without sufficient information and knowledge as to those allegations and on that basis deny them.

Additionally, Defendants respond that this paragraph has allegations that pertain to individuals, "Jane Doe," "John Doe Sergeant," O'Connell," or "David Baughman," and allegations that have been dismissed from this action. Thus, Defendants are without sufficient information and knowledge as to those allegations and on that basis deny them.

10. In response to the second amended complaint at page 5, Claim II, paragraph four, Injury, Defendants deny that their actions or inactions caused any injury to Plaintiff or gave rise to any cause of action for Plaintiff. Defendants deny that they violated Plaintiff's constitutional rights or any other rights. Defendants deny that their actions or inactions gave rise to any injury to, or cause of action for, Plaintiff. Defendants are without sufficient information and knowledge as to the remaining allegations and on that basis deny them.

11. In response to the second amended complaint at page 5, Claim II, paragraph five Administrative Remedies, subsections (a) through (d), Defendants admit there are administrative remedies available at California State Prison, Sacramento. Defendants are without sufficient information and knowledge as to the remaining allegations and on that basis deny them.

12. In response to the second amended complaint at page 6, Claim III, paragraphs one and two, Defendants deny that they violated Plaintiff's Eighth Amendment rights or any other rights. Defendants deny that their actions or inactions gave rise to an excessive force claim or to any cause of action for Plaintiff. To the extent there are any other allegations within this page and paragraphs, Defendants are without sufficient information and knowledge as to those allegations and on that basis deny them.

13. In response to the second amended complaint at page 6, Claim III, paragraph three, Supporting Facts, Defendants Smith, Pierce, Hicks, and Tillo deny that their actions or inactions on March 23, 2017 gave rise to an excessive force claim or to any cause of action for Plaintiff. To the extent there are any other allegations within this page and paragraph, Defendants are without sufficient information and knowledge as to those allegations and on that basis deny them. Additionally, Defendants respond that this paragraph has allegations that pertain to individuals, "Sgt Henderson" or "John Doe Tower #2" and allegations that have been dismissed from this

action. Thus, Defendants are without sufficient information and knowledge as to those allegations and on that basis deny them.

14. In response to the second amended complaint at page 6, Claim III, paragraph four, Injury, Defendants deny that their actions or inactions caused any injury to Plaintiff or gave rise to any cause of action for Plaintiff. Defendants deny that they violated Plaintiff's constitutional rights or any other rights. Defendants deny that their actions or inactions gave rise to any injury to, or cause of action for, Plaintiff. Defendants are without sufficient information and knowledge as to the remaining allegations and on that basis deny them.

15. In response to the second amended complaint at page 6, Claim III, paragraph five Administrative Remedies, subsections (a) through (d), Defendants admit there are administrative remedies available at California State Prison, Sacramento. Defendants are without sufficient information and knowledge as to the remaining allegations and on that basis deny them.

16. In response to the second amended complaint at page 7, Claim IV, paragraphs one and two, Defendants respond that these allegations and claims pertain to an unserved and unrepresented Defendant. Thus, Defendants cannot appear or respond to Plaintiff's Claim IV. To the extent any allegations within these pages and paragraphs were intended to pertain to an answering Defendants, Defendants are without sufficient information and knowledge as to these allegations and on that basis deny them.

17. In response to the second amended complaint at page 7, Claim IV, paragraph three, Supporting Facts, Defendants respond that these allegations pertain to individuals and claims that have not been served or have been dismissed from the case. Thus, Defendants are without sufficient information and knowledge as to these allegations and on that basis deny them. To the extent any allegations within these pages and paragraphs were intended to pertain to an answering Defendants, Defendants are without sufficient information and knowledge as to these allegations and on that basis deny them.

18. In response to the second amended complaint at page 7, Claim IV, paragraph four, Injury, this paragraph does not contain allegations. To the extent this page and paragraph

suggests any allegations, Defendants are without sufficient information and knowledge as to those allegations and on that basis deny them.

19. In response to the second amended complaint at page 7, Claim IV, paragraph five Administrative Remedies, subsections (a) through (d), this paragraph does not contain allegations or assertions. To the extent this page and paragraph suggests any allegations or assertions, Defendants are without sufficient information and knowledge as to those allegations and on that basis deny them.

20. In response to the second amended complaint at page 8, section E, Request for Relief, this paragraph does not contain allegations, but rather Plaintiff's prayer for relief. To the extent this page and paragraph contain any allegations, Defendants are without sufficient information and knowledge as to those allegations and on that basis deny them.

21. In response to the second amended complaint at page 8, remaining paragraphs on this page does not contain allegations about Defendants, but rather Plaintiff verification of the second amended complaint. To the extent this page and remaining paragraphs contain any allegations, Defendants are without sufficient information and knowledge as to those allegations and on that basis deny them.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The second amended complaint fails to allege facts sufficient to constitute a claim for punitive damages. Punitive damages require a showing that Defendants' conduct that harmed Plaintiff was malicious, oppressive or in reckless disregard of the Plaintiff's rights. *Dang v. Cross*, 422 F.3d 800, 806-07 (9th Cir. 2005). Defendants' conduct was not malicious, oppressive or in reckless disregard of Plaintiff's rights. In the event Plaintiff produces evidence against any Defendant sufficient to satisfy the requirement for punitive damages, any punitive damages awarded must be reasonable.

### Second Affirmative Defense

To the extent Plaintiff has not properly exhausted all his administrative remedies against all Defendants prior to bringing suit, his unexhausted claims are barred by 42 U.S.C. § 1997e. The

California Department of Corrections and Rehabilitation's administrative grievance process requires a Director's level or Headquarters' review before remedies are considered exhausted. See Cal. Code Regs. tit. 15, § 3084.7, 3999.226(a)(1) & 3999.226(g). Among the requirements is that the Plaintiff list all staff member(s) involved and describe their involvement in the issue. Cal. Code Regs. tit. 15, §§ 3084.2(a)(3) and 3999.227(g)(1). The inmate must also state all facts known and available to him/her regarding the issue being appealed at the time of submitting the appeal. *Id.*, §§ 3084.2(a)(4) and 3999.227(g). Plaintiff's second amended complaint admits that there are administrative remedies available at his institution and he submitted requests for relief to the highest level of review but he did not identify or attach the grievances he asserts he exhausted prior to bringing this action was brought. To the extent Plaintiff is asserting claims within his second amended complaint that were not grieved and received decisions through the Headquarters or Director's level review on each claim prior to bringing suit, dismissal is required of those claims and individuals. Dismissal without prejudice is required where there is no pre-suit exhaustion. *McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002).

### Third Affirmative Defense

Defendants are entitled to absolute immunity and qualified immunity. Defendants allege that they did not violate clearly established law and reasonably believed their conduct was lawful under then-established legal precedent.

### Fourth Affirmative Defense

Defendants allege that Plaintiff's damages, if any, were caused, in whole or part, by Plaintiff's own conduct, negligence, and/or acquiescence in the acts and omissions alleged in the complaint. Therefore, Plaintiff is not entitled to damages or any other relief against Defendants.

### Fifth Affirmative Defense

To the extent that Plaintiff has previously litigated the issues raised in this complaint, the complaint and all causes of action are barred by the doctrines of res judicata or collateral estoppel.

### Sixth Affirmative Defense

Defendants allege Plaintiff's claims, if any, are barred for his failure to mitigate his damages, if any.

### Seventh Affirmative Defense

To the extent Plaintiff's damages claims are based on mental or emotional injury, they must be dismissed where there is no showing of physical injury as required by 42 U.S.C. § 1997e(e).

### Eighth Affirmative Defense

Plaintiff's second amended complaint, and each cause of action, is barred by the applicable statute of limitations.

### Ninth Affirmative Defense

Plaintiff's second amended complaint, and each purported cause of action, is barred by the Eleventh Amendment, to the extent Plaintiff seeks monetary damages against a Defendant in his official capacity, or other relief barred by the Eleventh Amendment.

### Tenth Affirmative Defense

Defendants allege that Plaintiff has not been injured or damaged as a proximate result of any act or omission for which any Defendant is or was responsible.

### Eleventh Affirmative Defense

Defendants allege that if Plaintiff suffered or sustained any loss, damage or injury as alleged in the second amended complaint, such loss, damage or injury was proximately caused or contributed to by acts, or failures to act, of persons other than Defendants, or legally caused or contributed to by negligence or wrongful conduct of other parties, persons or entities, which was an intervening and superseding cause.

### Twelfth Affirmative Defense

Defendants allege that Plaintiff is barred in whole or part from prosecuting the purported causes of action set forth in the complaint by the doctrine of unclean hands.

### Thirteenth Affirmative Defense

Defendants allege that to the extent discovery reveals that any actions or damages to Plaintiff were the result of Plaintiff's own acts and/or omissions, Defendants reserve the affirmative defense that Plaintiff waived any right which he may have had to recover, and/or is estopped from recovering, any relief sought against Defendants.

Fourteenth Affirmative Defense

Because the second amended complaint is couched in conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable. Accordingly, Defendants reserve his right to assert additional affirmative defenses, if and to the extent, such defenses are applicable.

**DEMAND FOR JURY TRIAL**

Under Federal Rule of Civil Procedure 38, Defendants demand that this action be tried by a jury.

**PRAYER FOR RELIEF**

Defendants pray for relief as follows:

1. That judgment be entered in favor of Defendants and Plaintiff take nothing by this action;
2. That Defendants be awarded costs of suit and attorney's fees; and
3. That Defendants be awarded such other relief as this Court deems proper.

Dated: March 12, 2021

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
MARISA KIRSCHENBAUER
Supervising Deputy Attorney General

/s/ Virginia I. Papan

VIRGINIA I. PAPAN
Deputy Attorney General
*Attorneys for Defendants C. Pierce, C. Reif, S. Bartlett, G. Hampton, M. Keseloff, A. Hicks, B. Tillo, D. Dillon, B. Smith, and C. Walker*

SF2021400098
42594768.docx

# CERTIFICATE OF SERVICE

Case Name: *Puckett v. Lin, et al.*  No. 2:19-cv-02437 TLN CKD

I hereby certify that on March 12, 2021, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS PIERCE, REIF, BARTLETT, HAMPTON, KESELOFF, A. HICKS, TILLO, DILLON, SMITH, AND WALKER'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On March 12, 2021, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**Durrell Anthony Puckett (G-05549)**
**California State Prison - Corcoran**
**P.O. Box 8800**
**Corcoran, CA  93212-8309**
*In Pro Se*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on March 12, 2021, at San Francisco, California.

| N. Codling | */s/ N. Codling* |
|---|---|
| Declarant | Signature |