UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DURRELL ANTHONY PUCKETT,

         Plaintiff,

    v.

H. LIU, et al.,

         Defendants,

No. 2:19-cv-02437-TLN-CKD

**ORDER**

      This matter is before the Court on Plaintiff Durrell Anthony Puckett's ("Plaintiff") motion for reconsideration in this closed civil rights action. (ECF No. 56.) Plaintiff also attaches a supplemental adjustment to his Third Amended Complaint, which the Court construes as a motion to amend. (*Id.*) For the reasons set forth below, the Court DENIES Plaintiff's motions.

1    Plaintiff filed this civil rights action on December 4, 2019.  (ECF No. 1.)  Following

2    Plaintiff's Third Amended Complaint, Defendants filed a motion requesting the Court terminate

3    the action with prejudice in response to Plaintiff's death threats against Defendants.  (ECF No.

4    43.)  After the motion was fully briefed, the assigned magistrate judge made findings and

5    recommendations to dismiss the action with prejudice based on the factors enumerated in

6    *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).  (ECF No. 51.)  In so doing, the

7    magistrate judge found less drastic sanctions were inapplicable given Plaintiff's threats.  (*Id.* at 9.)

8    The undersigned adopted these findings and recommendations in full and judgment was entered

9    on March 23, 2022.  (ECF Nos. 53, 54.)  Now, over two years later, Plaintiff has filed a motion

10   for reconsideration and seeks to amend his complaint.  (ECF No. 56.)

11   Federal Rule of Civil Procedure ("Rule") 60(b) allows a district court to relieve a party

12   from a final judgment or order for "any [] reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).

13   The moving party must demonstrate "extraordinary circumstances justifying the reopening of a

14   final judgment."  *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).  However, Rule 60(b)(6) "is to

15   be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only

16   where extraordinary circumstances prevented a party from taking timely action to prevent or

17   correct an erroneous judgment."  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal

18   citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his

19   control[.]"  *Id.*  Additionally, Local Rule 230(j) requires a motion for reconsideration to state,

20   "what new or different facts or circumstances are claimed to exist which did not exist or were not

21   shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or

22   circumstances were not shown at the time of the prior motion."  E.D. Cal. L.R. 230(j)(3)–(4).

23   Here, Plaintiff has failed to demonstrate he is entitled to relief under Rule 60(b).  The

24   main thrust of Plaintiff's argument appears to be that he suffers from a mental illness and had not

25   taken his medication when he made the death threats.  (ECF No. 56.)  However, these facts and

26   circumstances are neither extraordinary nor new.  Plaintiff previously argued that he was

27   suffering from mental illness and the magistrate judge considered the fact that Plaintiff had not

28   taken his medication at the time the threats were made.  (ECF No. 46 at 1; ECF No. 51 at 7.)  The

Court finds no sufficient reason to justify reopening this closed civil rights action.  Fed. R. Civ. P. 60(b)(6).  As such, the Court DENIES Plaintiff's motion for reconsideration.  Plaintiff's motion to amend or supplement his Third Amended Complaint is DENIED as moot.

      IT IS SO ORDERED.

Date: January 17, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE